GILMAN, Circuit Judge,
concurring in part and dissenting in part. .
I concur in Parts I, II, and III of the majority opinion. But I disagree with the majority’s conclusion in Part IV that the district court abused its discretion in awarding attorney fees to UPIP, the prevailing defendant.
Even assuming that Bridgeport’s receipt-of-royalties argument was not unreasonable at the outset, the fact remains that the failure of the argument was absolutely foreordained once the district court resolved that very issue in a parallel case in which Bridgeport was also the plaintiff. From that point forward, the district court had a sound basis to conclude that Bridgeport was unreasonable in continuing to pursue its claim against UPIP, especially in light of UPIP’s proposal to stipulate to a dismissal of the complaint while still preserving Bridgeport’s right to appeal. This case is therefore easily distinguishable from those where the district court was found to have abused its discretion by shifting attorney fees to a party who advanced a reasonable claim that had not previously been ruled upon, such as in Matthew Bender & Co., Inc. v. West Publishing Co., 240 F.3d 116, 123 (2d Cir. 2001), which is cited in Part IV of the majority’s opinion.
I agree with the general principle that awarding attorney fees in cases that present close questions in unsettled areas of law is improper; otherwise, parties might be deterred from bringing colorable claims or defenses that merit judicial consideration. But I cannot perceive how the purposes of the Copyright Act would be thwarted by deterring a plaintiff such as Bridgeport from pressing a theory that had already been considered and rejected in a parallel case before the very same judge. At a minimum, I am not “firmly convinced that a mistake has been made” in this case. Adcock-Ladd v. Sec’y of Treasury, 227 F.3d 343, 349 (6th Cir.2000) (quotation marks omitted) (defining the term “abuse of discretion”). Nor do I believe that “the lower court relie[d] on clearly erroneous findings of fact, ... improperly applie[d] the law[,] or use[d] an erroneous legal standard.” Id. (quotation marks omitted). Accordingly, I would AFFIRM the decision of the district court because I find no abuse of discretion in its award of attorney fees to UPIP.